**GERALD L. SHARGEL**
ROSS M. KRAMER
EVAN L. LIPTON

# GERALD L. SHARGEL

LAW OFFICES

570 LEXINGTON AVE., 45TH FLOOR
NEW YORK, NEW YORK 10022
TEL: 212.446.2323
FAX: 212.446.2330
info@shargellaw.com

August 18, 2010

Hon. Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Anthony Scibelli</u>
              08 Cr. 76 (JBW)

*[Handwritten annotation: Respectfully referred to U.S. Probation Attorney and Court for advice. JW 8/20/10]*

Dear Judge Weinstein:

        I write on behalf of Anthony Scibelli to respectfully **request** that the Court issue an Order terminating his probation. On August 14, 2008, following **his plea** of guilty to one count of extortion (18 U.S.C. 1951(a)), the Court sentenced Scibelli to a five year term of probation and a fine of $250,000. Scibelli has completed two full years of probation, has complied with every supervision requirement, has paid his fine and restitution in full, and, at the same time, has worked to keep his construction business running and his employees employed. Now, a compelling reason for early termination has presented itself: given the current economy and the struggles of the construction industry in New York, Scibelli must consider projects that include out-of-state and international work. The terms of his probation, however, make that impossible. We therefore request early termination to protect his livelihood, and the livelihood of his employees. Assistant United States Attorney Daniel D. Brownell, on behalf of the government, consents to this request.

        Pursuant to 18 U.S.C. §3564 and Federal Rule of Criminal Procedure 32.1, the Court "after considering the factors set forth in section 3553(a) ... may... terminate a term of probation previously ordered and discharge the defendant at any time ... after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interests of justice."

        Anthony Scibelli's "history and characteristics" weigh strongly in favor of early termination. See 18 U.S.C. § 3553(a)(1). As the Court found at the time of sentencing, Scibelli's "characteristics are good; hard worker except for this on his background; good family; mother and father who depend on him; three year old child and wife six months pregnant requiring his being at home for maximum mental and physical health." (See Sentencing Transcript ("Tr"), dated August 14, 2008, at 48.) The Court also noted that "deterrence of this defendant is not required." (Id.) Scibelli's good conduct has continued during his term of



probation, supporting this application. Indeed, his business has survived a continued downturn in the economy, and he continues to employ a large workforce. And, he now has two children, and is expecting a third any day.

Scibelli's need to travel freely in order to keep his business viable also favors early termination. At sentencing, the "primary reason" for the Court's decision to impose a non-custodial sentence was the large number of people that Scibelli employed and, "given the present recession, the difficulty of people in this industry … of getting another job and supporting their families." (See Tr. at 49.) Since Scibelli was sentenced, the situation facing construction companies has only become more difficult. Now, more than ever, his companies must diligently seek out new opportunities in order to survive. Scibelli, however, is a "hands-on" manager and feels that he cannot, in good conscience, accept a major project without being able to commit to being on-site at any given time because of the travel restrictions imposed through his probation. Accordingly, he has recently turned down work in Texas, Florida, and Illinois, as well as overseas in Dubai. If he continues to turn down out-of-state and overseas work, he believes that his companies might not be able to survive.

I have spoken with Scibelli's assigned probation officer, Senior Probation Officer Eric Harmon, in connection with this request. On behalf of the Probation Office, he acknowledges that Scibelli has been a model probationer, and has complied with all of the imposed supervision requirements. In accordance with Office policy, however, which does not allow for early termination in most cases, he reported that he could not give his consent to this request.

For all of the foregoing reasons, we respectfully submit that this case presents a compelling basis for early termination of probation. As warranted by Anthony Scibelli's conduct, the needs of his company and his employees, and the interest of justice, we respectfully request that this motion be granted.

Respectfully submitted,

*Gerald Shargel*
Gerald L. Shargel

Cc: Daniel D. Brownell
Assistant United States Attorney

Eric Harmon
Senior United States Probation Officer